**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4789**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT NEDD, a/k/a Pizza, a/k/a P,

Defendant – Appellant,

**No. 16-4793**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT NEDD, a/k/a Pizza, a/k/a P,

Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore.
James K. Bredar, District Judge.  (1:14-cr-00479-JKB-7; 1:14-CR-00521-JKB-1)

Submitted:  June 20, 2017                    Decided:  June 22, 2017

Before SHEDD, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael D. DeMartin, LAW OFFICE OF MICHAEL D. DEMARTIN, LLC, Towson, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, David Metcalf, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Nedd appeals his convictions and sentence of 168 months of imprisonment for conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (2012), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2012). He contends that his sentence is unreasonable because his convictions should not have been grouped together, and the district court did not properly explain the upward variant sentence imposed. We affirm.

Because Nedd did not object to the grouping calculation in the district court, we review this issue for plain error. *See United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015). To establish plain error, a defendant must show that (1) there was error, (2) the error was plain, and (3) the error affected his substantial rights. *Henderson v. United States*, 133 S. Ct. 1121, 1126-27 (2013). Even if a defendant establishes all three elements, we may exercise our discretion to correct a plain error only when necessary to prevent a miscarriage of justice or to ensure the fairness, integrity, or public reputation of judicial proceedings. *United States v. McNeal*, 818 F.3d 141, 148 (4th Cir. 2016).

We conclude the district court properly grouped Nedd's convictions as required by the Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual §§ 3D1.1, 3D1.4, 5G1.2 & n.1 (2015). Insofar as Nedd contends the district court erred by determining a Guidelines range of 100 to 125 months for the firearm charge, the Guidelines require the court to "determine the total punishment and . . . impose that total punishment on each such count." USSG § 5G1.2(b).

Next, "[w]hile a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (internal quotation marks omitted). We conclude the district sufficiently explained the sentence that it imposed. Among other things, the court strongly emphasized the need to protect the public and to deter Nedd from engaging in criminal conduct, pointed out his serious criminal background, including a multi-decade sentence for attempted murder, noted his disrespect for the law by acquiring a firearm immediately after being released from prison, and cited his membership in an exceptionally violent criminal organization. Finally, insofar as Nedd contends that his sentence is substantively unreasonable, we conclude in this case that an upward variance of 43 months from the top of the Guidelines range is not unreasonable. *See, e.g.*, *United States v. Diosdado-Star*, 630 F.3d 359, 362, 367 (4th Cir. 2011); *United States v. Evans*, 526 F.3d 155, 164 (4th Cir. 2008).

Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4